# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-00364-MOC-DSC

| | |
|---|---|
| **KRESSMAN-BACKMEYER PUBLISHING, LLC,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>) |
| **ULRIC WOODHAMS, et. al.,** | )<br>) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Strike Answer and Enter Default or Require Appearance Through Counsel [on behalf of pro se corporate Defendant Andrea Depot USA, Inc.]" (document #23).

Defendant has not retained counsel and has not responded to the Motion. The time for filing a response has expired.

The Court warns Defendant that it must immediately retain counsel. Indeed, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Accord Gilley v. Shoffner, 345 F. Supp. 2d 563, 566 (M.D.N.C. 2004) (dismissing complaint of pro se corporate plaintiff); Microsoft Corp. v. Computer Serv. & Repair, Inc., 312 F. Supp. 2d 779, 780 (E.D.N.C. 2004) (same); and Lexis-Nexis v. TraviShan Corp., 573 S.E.2d 547, 549 (N.C. App. 2002) (same).[1]

---

[1] While recognizing that unpublished opinions have no precedential value, the Court notes that the Fourth Circuit Court of Appeals has affirmed the entry of default judgment against a pro se corporate defendant that failed to retain

Accordingly, Plaintiff's "Motion to Strike Answer and Enter Default or Require Appearance Through Counsel" (document #23) is **GRANTED IN PART**. Defendant Andrea Depot USA, Inc. is **ORDERED** to secure counsel who shall file an entry of appearance within fourteen (14) days of the date of this Order. In the event Defendant does not secure counsel within this period of time, Plaintiff may seek appropriate relief based upon the failure of Defendant to be represented in this matter.

The Clerk is directed to send copies of this Order to the pro se Defendant; to the remaining parties' counsel; and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: November 21, 2014

David S. Cayer
United States Magistrate Judge

---

counsel. Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d. 887 (table) 1998 WL 112719, at *1 (4th Cir. 1998) ("almost every court to address this issue has held that a corporation may not appear pro se but must be represented by duly licensed counsel").